UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

DAVID DUANE: COX,

Petitioner,

v.

STATE OF MINNESOTA,
TERRY M. DEMPSEY,
TODD L. KOSOVICH,
MARCIA FLOHRS, and
several John Does,

Respondents.

Civil No. 00-1946 (JRT/ESS)

REPORT AND RECOMMENDATION

THIS MATTER is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254. The matter has been referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons discussed below, it is recommended that the petition for writ of habeas corpus be summarily dismissed pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts [1]

## I. BACKGROUND

Petitioner's self-styled petition provides very little information about the events that have caused him to seek federal habeas corpus relief. As far as the Court can tell, Petitioner is attempting to challenge the jurisdiction of a state district court proceeding

---

[1] Rule 4 provides that "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."

FILED AUG 23 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

in which he is named as a respondent party. He alleges:

> "Subject Matter Jurisdiction has been raised verbally as well as by filings and 5th DISTRICT COURT disregards issue. They [presumably the Respondents named herein] must prove subject matter when raised before they can proceed[;] however they ignore and continue on as evidence will show."

(Petition, [Docket No. 1], p. 1, ¶ 2.)

There is no indication that Petitioner is presently incarcerated, or that he has been accused or convicted of any crime. In fact, in a paragraph of his petition captioned "Length of Sentence," he specifically states: "No sentence yet as Demandant will not accept and will not plea on his own behalf and as a free, (sovereign), man I authorize no one to plea for me...." (Petition, p. 1, ¶ 3.)

**II. DISCUSSION**

"The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only for persons who are 'in custody in violation of the Constitution or laws or treaties of the United States.'" Maleng v. Cook, 490 U.S. 488, 490 (1989) (per curiam), quoting 28 U.S.C. § 2254(a) (emphasis added by the Supreme Court). Moreover, federal habeas corpus relief is available only for persons who are "in custody" as of the date when such relief is requested. Id. at 490-91 ("[w]e have interpreted the statutory language as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed").

Here, there is no indication that Petitioner was in custody when he started this action. To the contrary, there is every indication that Petitioner was not in custody when he filed his petition. Thus, the Court concludes that the instant petition cannot be

entertained, and that it must be summarily dismissed. Because the merits of the petition have not been reached, the Court will recommend that the petition be dismissed without prejudice.[2]

## III. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

Petitioner's "Petitioner for Writ of Habeas Corpus," (Docket No. 1), be summarily DISMISSED WITHOUT PREJUDICE.

Dated: August 23, 2000

E.S. SWEARINGEN
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this report and recommendation by filing with the Clerk of Court and serving all parties, within ten days after being served with a copy thereof, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the

---

[2] The Court notes, however, that even if Petitioner hereafter satisfies the "in custody" requirement, he will have to satisfy several additional conditions to be eligible for federal habeas corpus relief. First, he will have to present his claims on the habeas corpus form prescribed for use in this District. See Rule 2(c) of the Rules Governing Section 2254 Cases In The United States District Courts; Local Rule 9.3. Second, he will have to demonstrate that he has exhausted all available state court remedies -- including all rights of appeal. See 28 U.S.C. § 2254(b); O'Sullivan v. Boerckel, 119 S.Ct. 1728, 1731 (1999). Third, he will have to show that his claims are based on some alleged violation of his federal constitutional rights. See Estelle v. McGuire, 502 U.S. 62, 67 (1991) ("in conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, law or treaties of the United States"). Petitioner's only current claim – that he was deprived of his "white citizen right to a trial by certificate" – is grounded on "Blackstones Commentaries," not the U.S. Constitution.

objecting party's brief with ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.