/

**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

---

DAVID DUANE COX,

Petitioner,

v.

STATE OF MINNESOTA,
TERRY M. DEMPSEY,
TODD L. KOSOVICH,
MARCIA FLOHRS, and JOHN DOES,

Respondents.

Civil No. 00-1946 (JRT/ESS)

**ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE DISMISSING PETITION FOR WRIT OF HABEAS CORPUS**

---

David Duane Cox, c/o 301 Madison Avenue # 215, Mankato, MN 56001, *petitioner pro se*.

LaMar Thomas Piper, PIPER LAW FIRM, 615 Second Avenue South, P. O. Box 109, St. James, MN 56081, for respondents.

This matter is before the Court on petitioner David Duane Cox's objections to the Report and Recommendation of Magistrate Judge E. S. Swearingen dated August 23, 2000. The Magistrate Judge recommends that petitioner's 28 U.S.C. § 2254 petition for writ of habeas corpus be denied. The Court has conducted a *de novo* review of petitioner's objections to the Report and Recommendation pursuant to 28 U.S.C.

FILED OCT 11 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD. OCT 11 2000
DEPUTY CLERK

§ 636(b)(1)(C) and D. Minn. LR 72.1(c)(2). For the reasons set forth below, the Court adopts the Report and Recommendation and denies the petition.

Petitioner is apparently a party to a state court proceeding, and claims that the state court in that case lacks jurisdiction to adjudicate his claimed "white citizen right to a trial by certificate." As the Magistrate Judge observed, petitioner does not appear to be charged with or convicted of any crime, nor is he incarcerated. In his objections, petitioner does not dispute this characterization of his status, nor does he allege, in the "First Amended, Application, (Petition) for Writ of Habeas Corpus" attached to his objections, that he is incarcerated. Instead, he claims that he is being restrained from "claiming a civil right in an administrative action," apparently on the basis that the state court denied his motion to dismiss for lack of subject matter jurisdiction.

Section 2254(a) plainly requires that a habeas petition may be entertained only on behalf of a person in custody. *See Snelling v. Missouri*, 26 F.3d 127, No. 93-3642, 1994 WL 203383, at *1 (8th Cir. May 17, 1994) (explaining that a writ of habeas corpus is available only to a person in "custody" and holding that economic hardships resulting from a conviction and a fine do not constitute "custody"). The state court's assertion of jurisdiction over petitioner in a civil proceeding does not constitute a significant restraint on petitioner's liberty within the meaning of the custody requirement. *Cf. id.* The Court therefore denies petitioner's habeas petition.

## ORDER

Based upon all of the files, records, and proceedings herein, the Court **OVERRULES** petitioner's objections [Docket No. 4] and **ADOPTS** the Report and Recommendation of the Magistrate Judge [Docket No. 2]. **IT IS HEREBY ORDERED** that petitioner's petition for writ of habeas corpus [Docket No. 1] is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: October 11, 2000
at Minneapolis, Minnesota.

JOHN R. TUNHEIM
United States District Judge

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

00-1946JRT/ESS

**DATE MAILED TO COUNSEL/PRO SE PARTIES:** October 11, 2000

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

### Prehearing Conference Program

The United States Court of Appeals for the Eighth Circuit has established an early intervention Prehearing Conference Program. The purpose of the program is twofold: (1) to facilitate settlement discussions in civil cases by providing an impartial atmosphere for an open discussion of the case and alternative methods of disposition and (2) to promote the delineation of issues, early resolution of procedural problems, and effective administration of an appeal throughout the appellate process. See 8th Cir. R. 33A.

The program is directed by Mr. John Martin. Mr. Martin screens newly filed appeals based on information furnished by both appellants and appellees in the court's Appeal Information Forms A and B. Contact with counsel is by telephone and in personal conferences held in several cities throughout the Circuit. All communications with Mr. Martin are confidential. Counsel can openly discuss and evaluate the issues and explore alternatives in a non-adversarial setting without fear that the subsequent processing of the appeal or ultimate disposition of the case will be adversely affected by participation in the program.

Participation in the program is voluntary. However, the Court strongly encourages your participation and cooperation. Over the past twenty years, the program has enabled many appellate litigants to achieve mutually satisfactory resolution of certain issues or an overall settlement prior to progressing through all stages of the appellate process. Issue delineation enables counsel to focus only on those issues that need judicial resolution. The program has helped relieve the ever-increasing caseload confronting the Court, and it has also saved litigants and attorneys substantial amounts of time and money.

In order for the program to function effectively certain information must be provided at the initiation of the appeal. *Eighth Circuit Rule 3B directs each civil appellant to: (1) file a completed Appeal Information Form A with the Notice of Appeal at the time the Notice is filed with the District Court clerk and (2) forward a copy of the completed Form A and a copy of Appeal Information Form B to the appellee for completion.* Appellee may complete Form B and send it to the clerk of the Court of Appeals. If you have any questions about the Prehearing Conference Program or the Appeal Information Forms, please contact Mr. Martin at (314)-539-3669.

Forms A and B are available from the District Court clerk and the Court of Appeals clerk and can be found at the Court of Appeals' web site at: www.ca8.uscourts.gov

*June 1, 2000*

Forms/8thcircuitprehearingconf.wpd